Robert K. **HECKATHORNE**, Plaintiff,

v.

The **PENNSYLVANIA RAILROAD CO.,** a Corporation, Defendant.

Civ. A. No. 12386.

United States District Court
W. D. Pennsylvania.

Nov. 21, 1957.

Robert R. Disbro, Cleveland, Ohio, for plaintiff.

Pringle, Bredin & Martin, Bruce Martin, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

The plaintiff here was injured when he fell from a moving train and the wheels of several cars passed over his leg which subsequently had to be amputated above the knee.

At the trial the plaintiff proceeded under the Boiler Inspection Act provision of the Safety Appliance Act, 45 U.S.C.A. § 22 et seq., as well as under the theory of negligence under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The jury found damages for the plaintiff in the sum of $105,000, but found the plaintiff to be two-thirds contributorily negligent and reduced their verdict to $35,000.

The plaintiff, thereafter, has moved the Court:

(1) to enter judgment for him in the sum of $105,000, or

(2) in the alternative, to order a new trial.

In support of his request for judgment of $105,000, the plaintiff urges that the jury must have misinterpreted their instructions. However, with this we cannot agree. The jury was carefully charged on all phases of the case; no exceptions were taken to the charge, nor is any error now called to the Court's attention. The jury was told if they found a violation of the Boiler Inspection Act they should find damages for the plaintiff, and not to consider whether or not the plaintiff was contributorily negligent. By their verdict it is obvious that they found that there was not a violation of the Boiler Inspection Act, but that the negligence of the defendant railroad under the Federal Employers' Liability Act claim contributed in whole or in part to the plaintiff's injuries, and that the plaintiff was two-thirds contributorily negligent. This was a case that was clearly for the jury and their verdict is supported by the evidence which need not be reviewed here.

■ In the alternative the plaintiff seeks a new trial on the grounds that the jury should not have been instructed on the issue of negligence, as the evidence on the issue of negligence was insufficient to submit to the jury. This is an unusual position for the plaintiff to take. The Court very clearly asked the plaintiff's counsel both at the pretrial and at the trial whether he would proceed on both issues or on the single issue of the violation of the Boiler Inspection Act. Counsel for the plaintiff advised the Court both at the pre-trial and during the trial that they would proceed on both issues. In fact, during the trial the Court was advised by plaintiff's counsel that he discussed this matter at great length during a weekend recess with his associates in Cleveland, Ohio; and it was their decision to proceed on both issues. There was evidence of negligence to submit to the jury. The jury found negligence on the part of the railroad and also found that the injuries were two-thirds the plaintiff's fault.

■ The plaintiff suffered serious injuries. He chose his own attorneys who are experienced and competent in a trial of this type of case. Plaintiff had a fair trial but the verdict is not satisfactory to him. Our system of justice guarantees persons aggrieved to their day in court. The plaintiff had his day; he is not entitled to another when those days in court were days in which he had a fair trial.

■ The plaintiff also seeks to have leave to take the deposition of E. C. Hanly, P. A. Raybuck, and O. E. Harmon, and in support thereof has submitted certain affidavits to the court. However, this Court is of the opinion that this motion should not be granted because even if the plaintiff were to establish everything that he has alleged in his motion, this would not change the Court's opinion as to the granting of a new trial.

The plaintiff's attorney knew at the time of the pre-trial that the plaintiff's father, who was deceased at that time, had inspected the engine; and he knew that there was some talk of the fact that the plaintiff's father was responsible for the accident. (See p. 10, Pre-trial record). Therefore, his affidavit that Mr. Raybuck stated subsequent to his testimony that the plaintiff's injury was caused by plaintiff's father is no reason to permit him now to take Mr. Raybuck's deposition.

While Mr. Harmon may have argued with Mr. Raybuck that he should have tied up the engine after the accident in which Mr. Heckathorne suffered his injuries, this does not indicate to the Court any important circumstances that the jury should have known. In fact, everyone knew and admitted that the B Unit was bad at Eagle Rock.

Mr. McDonald's reference in his affidavit to a written report, Form M.P. 62–DE, that he had seen subsequent to the date of the accident and concerning the locomotive was known to plaintiff's counsel well in advance of the trial. Frederick L. Baugher referred to this report by the engineer in his deposition that was taken on March 30, 1956, and filed in the office of the Clerk of Courts

on June 12, 1956. See p. 30 of the Deposition. In fact, Mr. Raybuck admitted at that deposition that he made out such a report and that the report showed that the engine was not loading. The report certainly was known to plaintiff's counsel, and it could have been produced at the time of the trial.

Taking all the circumstances that the plaintiff wishes to offer and prove by means of additional depositions into consideration, all of them even if proved would not change this Court's opinion that a new trial should not be granted. Therefore, the motion for an order permitting plaintiff to take depositions must also be denied.